UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Scott Malcolm and Tim McGough,
as Trustees of the Carpenters &
Joiners Welfare Fund, Twin City
Carpenters Pension Master Trust
Fund, and Twin City Carpenters
Vacation Fund; Scott Malcolm as
Trustee of the Carpenters and
Joiners Apprenticeship and
Journeymen Training Trust Fund,
and each of their successors,

     Plaintiffs,

 vs.         REPORT AND RECOMMENDATION

Nealen Halonen, individually, and
d/b/a Neal Halonen Construction,

     Defendant.    Civ. No. 07-1545 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

  This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Plaintiffs' Motion for Entry of a Default Judgment,

and for an Order requiring the Defendant to produce certain documents.  A Hearing

on the Motion was conducted on June 20, 2007, at which time, the Plaintiffs appeared

by Sean O. Skrypek, Esq., and no appearance was made by, or on behalf of, the

Defendant Nealen Halonen ("Halonen").

Indeed, up through the time of the Hearing, no appearance had previously been

made by, or on behalf of, the Defendant.  At the Hearing, counsel for the Plaintiffs

represented that he had spoken with the Defendant during the previous evening, and

that the Defendant had produced a number of the delinquent fringe fund reports, as

well as a payment of $10,599.19 to apply towards the total amount which the

Defendant may be found to owe.  In addition, after the Hearing, we received the

Supplemental Affidavit of James F. Wilson ("Wilson Supp. Aff."), which attests that

the Defendant has submitted the fringe fund reports for the time period spanning from

December of 2006, through May of 2007, and that the total amount of fringe benefit

contributions due for that period is $31,883.54.  See, Wilson Supp. Aff., Docket No.

15-1, at ¶2; Exh. C.  Wilson further avers that the amount due for liquidated damages,

under the terms of the executed Independent Agreement, which adopts the terms of

a Collective Bargaining Agreement and Trust Agreements, is $3,188.35.  Id. at ¶3;

Affidavit of James F. Wilson ("Wilson Aff."), Docket No. 8, at ¶6; Exh. B, Art. 15.

As noted, Wilson further attests that the Defendant has now submitted a payment of $10,599.19 to the fringe funds.  See, <u>Wilson Supp. Aff.</u>, at ¶4; Exh. C.

For reasons which follow, and in light of the foregoing, we recommend that a Judgment of Default be entered against the Defendant.

## II.   <u>Findings of Fact</u>

1.    This is an action to enforce the Defendant's obligations to make contributions to a multi-employer benefit plan under the terms of a Collective Bargaining Agreement, and to allow the Plaintiffs to collect potential liquidated damages, together with an award of interest, reasonable attorneys' fees, and the costs of this action, if the Defendant breached his contractual obligations.

2.    The Court has jurisdiction over this action pursuant to Sections 502 and of the Employee Retirement Income Security Act ("ERISA"), <u>Title 29 U.S.C. §§1132</u>, under Section 301 of the Labor Management Relations Act, <u>Title 29 U.S.C. §185(a)</u>, and under Title 28 U.S.C. §1331.  As provided in Title 29 U.S.C. §1132(e)(2), venue is proper within this District.

3.    The Plaintiffs are trustees and fiduciaries of multi-employer benefit funds (the "Funds") as defined by Title 29 U.S.C. §§1002(37).  The Funds are established to provide, <u>inter alia</u>, pension, health and welfare vacation benefits, and training to

employees doing carpenters' work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made, and all reports must be submitted, to Wilson McShane, 3001 Metro Boulevard, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

4.      At all relevant times, the Defendant has been bound by a certain Collective Bargaining Agreement between the Lakes and Plains Regional Council of Carpenters and Joiners, and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association.

5.      The Collective Bargaining Agreement obligates the Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent, on or before the 15th day of the month following the month for which the contribution is being made.

6.      The Collective Bargaining Agreement, and Trust Agreements, provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, as liquidated damages, and also provides that the Plaintiffs are entitled to their attorney fees and costs.

7.      The Defendant has failed to timely submit the fringe fund reports, and contributions, for the months of December of 2006, January of 2007, February of 2007, March of 2007, April of 2007, and May of 2007.

8.      Plaintiffs reasonably believe that the Defendant employed individuals during those months, as to which the Defendant would be obligated to remit the reports, indicating what amount of payments were due or, if appropriate, that no hours were worked.

9.      The Defendant owes the Funds $31,883.54 in fringe benefit contributions, for the months of December 2006, January 2007, February 2007, March 2007, April 2007, and May 2007.  The Defendant also owes the Funds an amount of $3,188.35 in liquidated damages.

10.     The Defendant is entitled to a credit of $10,599.19, for a payment made to the Funds on May 25, 2007.

11.     Following the filing of this action on March 15, 2007, a copy of the Summons and Complaint was personally served upon the Defendant, on March 16, 2007.  See, <u>Docket No. 2</u>.  Since that date, the Defendant has not answered, or otherwise responded to the Complaint.

12.     A copy of the Plaintiffs' Notice of Motion and Motion, its Memorandum of Law in support of the Motion, its Proposed Order, and accompanying Affidavits, were served by mail upon the Defendant on April 30, 2007.  See, Docket No. 9.  The Notice of Hearing issued by the undersigned,  and the Plaintiffs' Proposed Report and Recommendation, were served personally upon the Defendant on May 11, 2007.  See, Docket No. 13.  The Supplemental Affidavit of James F. Wilson was served by mail upon the Defendant on June 20, 2007.  See, Docket. No. 16.  The  Defendant has not responded to the Motion, or filed and served an Answer, or other response, to the Summons and Complaint.

13.     The Defendant has been in default and, on April 9, 2007, the Clerk of this Court entered Default against the Defendant.  See, Docket No. 5.

### III.  Conclusions of Law

1.     The Court has jurisdiction over this action pursuant to Sections 502 and of the Employee Retirement Income Security Act ("ERISA"), Title 29 U.S.C. §§1132, under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. §185(a), and under Title 28 U.S.C. §1331.  As provided in Title 29 U.S.C. §1132(e)(2), venue is proper within this District.

2.     The Court has personal jurisdiction over all of the parties to this action, and venue in the District of Minnesota is proper.  See, <u>Title 29 U.S.C. §1132(e)(2)</u>; <u>Title 28 U.S.C. §103(5)</u>.

3.     The Defendant has failed to plead, or to otherwise defend, and that fact has been made to appear by evidence, including affidavits, as adduced at the time of the Hearing in this matter.  As a result, the Plaintiffs are entitled to the entry of a Default Judgment against the Defendant.

4.     The Defendant is obligated to pay to the Funds all fringe benefit contributions, liquidated damages, and attorney fees and costs incurred in collecting the delinquent contributions.

5.     The Defendant is required to submit any delinquent fringe fund reports, and payment for any delinquent contributions due per those reports, as well as per the submitted reports for the period encompassing December of 2006 through May of 2007.

NOW, THEREFORE, It is --

RECOMMENDED:

1.     That the Plaintiffs' Motion for an Entry of Default Judgment [Docket No. 6] be granted.

2.     That, to the extent not previously completed, then, pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the Defendant be directed to submit to the Plaintiffs, **by a timely date certain**, any fringe fund reports that have not yet already been submitted, as well as any unpaid contributions, at the offices of Wilson McShane, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, and correctly identify any hours worked pursuant to the Collective Bargaining Agreement.

3.     That Defendant pay $21,234.35 in fringe benefit contributions, plus liquidated damages in the amount of $3,188.35, for the delinquent contributions for the months of December, 2006, January, 2007, February, 2007, March, 2007, and April, 2007, and May of 2007.[1]

4.     That, if the Defendant fails to make the  payments required by any Court order, the Plaintiffs may move the Court for the entry of a money Judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and

---

[1]This amount includes the credit for the $10,599.19 payment which was made by the Defendant on May 25, 2007.

costs, as shown by Affidavit filed with the Court,[2] and the Court shall enter Judgment

ten (10) days after service of the Motion and Affidavit on Defendant.

Dated:  July 2, 2007                          s/Raymond L. Erickson

                                              Raymond L. Erickson
                                              CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and

D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than July**

**19, 2007,** a writing which specifically identifies those portions of the Report to which

objections are made and the bases of those objections.   Failure to comply with this

---

[2]In the absence of any Affidavits, which address the attorney fees that the Plaintiffs are seeking, as well as the reasonableness of those fees, we cannot recommend the entry of a Final Judgment at this time, as the Plaintiffs have failed to provide a basis for any requested attorney fees and costs that, assertedly, are associated with this action.

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 19, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.